[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
This matter proceeded as a hearing in damages with the sole remaining plaintiff, Alexandria Brock, seeking to recover for personal injuries and property damage. The defendant City of New Haven (City) admitted liability for the accident which occurred on July 31, 1993 in New Haven. On that date, the defendant Somers was operating a city owned truck which struck the plaintiff's vehicle in the rear.
 DISCUSSION
CT Page 11855 I
The plaintiff was treated for almost 11 months for the injuries she claimed she incurred in this accident. The diagnosis of her treating physician, Dr. Kandish Srithran, an internist, was "musculoligamental sprain of the posterior cervical muscles and musculoligamental sprain of the lumbosacral region." The cost of her treatment by her doctor was $6,670.90, with an intensive course of physical therapy the major component the bill.
This physical therapy appears to have proceeded with little modification, despite the plaintiff's protests that she was not being helped and that her pain returned within an hour of a treatment.
It must be noted that this plaintiff has been involved in a series of accidents, some prior to this one, and at least one subsequent to this one. Some degeneration of the spinal column, scoliosis, and a herniated disc are amongst the pre-existing conditions which may have contributed to her complaints. Her treating physician apparently embarked upon his prescribed course of treatment without knowledge of the disc problem. This had been revealed in a CAT scan performed 7 months before this accident. The plaintiff could not recall what occasioned this scan and what physician ordered it.
The treating physician stated that the plaintiff's obesity may have contributed to her lengthy disability and treatment, though she did not heed his advice to lose weight. The therapy was suspended in March of 1994 on the recommendation of the consulting neurosurgeon because of the failure of the plaintiff to respond to it favorably.
During this treatment and beyond, Dr. Srithran found the plaintiff to be totally disabled and unable to return to the job she held at the time of the injury. He felt she could have done sedentary work for a short time but only for 2 or 3 days a week. When her complaints persisted, he suggested even this was not feasible.
The plaintiff's lost wage claim is for $46,000.00, representing 318 days of total incapacity.
The plaintiff's property damage claim of $5,923.00 for body CT Page 11856 repairs to her car is not disputed. A substantial car storage bill in the amount of $2,880.00 is not agreed to by the City, nor is it disputed.
The plaintiff incurred additional bills for an ambulance, $319; a second CAT scan, $728; Yale New Haven Hospital, $676.20; Neuro-surgical consultation, $275; and spent $43 in co-payments. These bills are not disputed and are found to be necessary and reasonable.
 II
As the court indicated to the parties, there are several disturbing aspects to this case, with respect to the magnitude of the wage claim, the length of the therapy treatment program, and the length of the period of disability.
Of significance is the fact that when the plaintiff reported to her doctor that she had been involved in another motor vehicle accident in June of 1994, she was placed back on the same regimen of treatment that had been unsuccessful up to that date.
This extensive schedule of therapy, 2 and 3 times a week, produced no results, according to the plaintiff who complained of this fact, yet they went on. The absence of any treatment notes render it impossible to learn what actually transpired between therapist and patient.
The plaintiff's failure to lose weight on her doctor's recommendation raises another question as to the plaintiff's real interest in helping herself (and mitigating damages), particularly in light of her previous accident history and preexisting conditions.
The defendant also elicited testimony from the plaintiff to the effect that though she was hard pressed financially, she nevertheless decided to embark upon the treatment program with Dr. Srithran when she could have obtained therapy through her HMO without cost or at nominal cost and with only a slight delay in the commencement of the therapy.
Though Dr. Srithran stated that the recovery period for an injury like the plaintiff's can run to several months, neither his testimony nor the plaintiff's lead this court to the conclusion that these diagnosed injuries are worth what the plaintiff has CT Page 11857 demanded — $175,000.
 CONCLUSION
After evaluating the conflicting presentations of the parties and in particular the specific areas discussed above, it is the conclusion of the court that a fair, just and reasonable award to this plaintiff for her personal injuries and accompanying expenses and lost wages is the sum of $53,000.00.
The plaintiff is also awarded the sum of $8,803.00 for property damage and storage.
Judgement may enter for the plaintiff to recover of the defendants a total sum of $61,803.00.
Anthony V. DeMayo Judge Trial Referee